FILED
MAY [ ] 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

---

| UNITED STATES OF AMERICA, | CR07-30107 |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| ALVIN JAMES COVEY, JR., a/k/a A.J. Covey, Jr. | |
| Defendant. | |

---

IT IS HEREBY ORDERED THAT:

As the result of the Plea Agreement entered into by the government and the defendant Alvin James Covey, Jr., defendant shall forfeit to the United States all of his interest in the property constituting, or derived from, proceeds/gross proceeds the defendant obtained directly or indirectly, as the result of violations of 18 U.S.C. § 922(g)(3) and 924(a)(2).

The Court has determined, based on defendant's plea agreement and his stipulation at the time of his sentencing, that the following "subject property" is subject to forfeiture pursuant to 21 U.S.C. §§ 841(a)(1) and 853(a)(1); that the defendant had an interest in such property;[1] and that

---

[1] Rule 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. See Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, e.g., where the defendant is planning to object to the order of forfeiture on the ground

the government has established the requisite nexus between such property and such offenses: a Marlin model Glenfield 60, .22 caliber rifle, bearing serial # 21496982, $1,711.00 in U.S. currency, and $600.00 in U.S. Currency.

Upon the entry of this Order, the United States Attorney General (or a designee); is authorized to seize the Marlin model Glenfield 60, .22 caliber rifle, bearing serial # 21496982, $1,711.00 in U.S. currency, and $600.00 in U.S. Currency, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a reasonable manner as the United States Attorney General (or a designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the single publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the preliminary order of forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing, *nunc pro tunc,* and shall be made part of the

---

that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).]

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: May 20, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Court Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: Barbara J. Waepke
　　　　　　　　　　Deputy Clerk
(SEAL)